IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

United States Bankruptcy Court
Columbia, South Carolina

ENTERED
JAN 2 7 2006
D.L.L.

| | |
|---|---|
| In re:<br><br>Larry Leon Geddings, Jr., and<br>Cynthia Wicker Geddings,<br>d/b/a Geddings Services,<br><br>                Debtors. | Case No. 05-02050-W<br>Chapter 7 |
| W. Clarkson McDow, Jr.,<br>United States Trustee for Region Four,<br><br>                Plaintiff,<br><br>      v.<br><br>Larry Leon Geddings, Jr., and<br>Cynthia Wicker Geddings,<br>d/b/a Geddings Services,<br><br>                Defendants. | Adv. Proc. No. 05-80183 |

## **ORDER DENYING DISCHARGE**

This proceeding is before the Court on the motion for summary judgment filed by the Plaintiff, W. Clarkson McDow, Jr., United States Trustee for Region Four (the "UST"), pursuant to Federal Rule of Bankruptcy Procedure 7056, and Federal Rule of Civil Procedure 56, on the basis that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment denying the discharge of Larry Leon Geddings, Jr. and Cynthia Wicker Geddings ("Debtors") pursuant to 11 U.S.C. §727[1], as a matter of law.

---
[1] Further references to the Bankruptcy Code shall be by section number only.

1

Specifically, UST seeks denial of Debtors' discharge on the grounds that they: 1) transferred or concealed property of the debtors, within one year before the date of the filing of the petition; 2) transferred or concealed property of the estate, after the date of the filing of the petition; 3) concealed recorded information; 4) made false oaths or accounts; and 5) failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet Debtors' liabilities.

After considering the motion, the objection thereto and accompanying affidavit, and counsels' arguments, the Court makes the following Findings of Fact and Conclusions of Law Pursuant to Federal Rule of Civil Procedure 52, made applicable in bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.[2]

## FINDINGS OF FACT

1. Debtors voluntarily filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 22, 2005. Debtors filed Schedules and Statement of Financial Affairs with their petition.

2. On December 9, 2004, 75 days before the petition date, Debtors sold stock for $9,500.00, which transaction, and the proceeds therefrom, were not reported or disclosed on Debtors' Schedules and Statement of Financial Affairs filed with the Court, with their petition, on February 22, 2005.

3. Debtors did not disclose the gross income generated from Debtors' millwright business for 2003, 2004, and year to date 2005 in their Schedules and Statement of Financial Affairs. Debtors also did not disclose that they had an interest in a business known as Empty Pocket Stables nor did Debtors disclose the gross income from this business.

4. On their Schedule A, Debtors listed the value of property consisting of a 5.62 acre lot with horse barn at 4220 McCrays Mill Road, Sumter, SC, as $28,100.00, with a $76,572.00 secured claim against the property.

---

[2] The Court notes that to the extent that any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent that any Conclusions of Law constitute Findings of Fact, they are so adopted.

5. After the filing of the petition, the trustee and his sales agent estimated the value of the 5.62 acre lot to be between $95,000.00 and $100,000.00. Debtors agreed to pay $15,000.00 and assume the mortgage of $77,000.00, a transaction for which Debtors gave $92,000.00 in consideration for property that Debtors valued on their Schedule A at $28,100.00.

6. Debtors' response to question 18 of the Statement of Financial Affairs lists only Geddings Services, a millwright business, as a business in which Debtors have had an interest within the six years immediately preceding the commencement of their bankruptcy. Debtors failed to disclose in question 18 that they have also operated businesses under the names Geddings Conveyor Installation, Geddings Services, LLC, and Empty Pocket Stables.

7. Debtors did not report complete and accurate information in their Schedules and Statement of Financial Affairs, filed with this Court on February 22, 2005, including but not limited to the following: (1) the true market value of real property and a barn located at 4220 McCray's Mill Road, in Sumter, SC; (2) the transfer of stock/investments on December 9, 2004, which produced $9,500.00 in income; (3) several businesses owned by Debtors, both currently and formerly operated, including, but not limited to Geddings Conveyor Installation, Geddings Services, LLC, and Empty Pocket Stables; (4) the operation of Debtors' farm for profit under the name of Empty Pocket Stables, and the income therefrom; (5) the gross income from the operation of Mr. Geddings' millwright business for 2003, 2004 and year-to-date 2005; and (6) other significant expenses associated with Debtors' businesses. Debtors' Schedules and Statement of Financial Affairs had not been amended at the time of the hearing to correct these errors and omissions.

8. Debtors signed and filed with the Court a Declaration Concerning Debtor's Schedules, Declaration Under Penalty of Perjury by Individual Debtor, which states: "I declare under penalty of perjury that I have read the answers contained in the foregoing summary and schedules, consisting of 23 sheets..., and that they are true and correct to the best of my knowledge, information, and belief."

9. Debtors also signed and filed with the Court a Declaration Under Penalty of Perjury by Individual Debtor, which states: "I declare under penalty of perjury that I have read

3

the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct."

10. Debtors have not satisfactorily explained on their Schedules and Statement of Financial Affairs, a loss of assets or deficiency of assets to meet Debtors' liabilities, including, but not limited to profit and loss information on Debtors' businesses.

11. Debtors' Schedules and Statement of Financial Affairs remain incomplete, regarding Debtors' source and amount of income, and financial information on the operation of their businesses.

12. Debtors reported on their tax returns gross millwright income of $344,553 in 2003, and $458,008 for 2004. This income was not disclosed in Debtors' Statement of Financial Affairs. This information, along with balance sheet information showing business costs and expenses for offset, is material to a determination that Debtors have a loss or deficiency of assets, which render them unable to meet their liabilities.

13. UST brought this adversary proceeding on June 30, 2005. UST seeks to deny Debtors' discharge pursuant to § 727(a)(2)(A); § 727(a)(2)(B); § 727(a)(3); § 727(a)(4); and § 727(a)(5).

## CONCLUSIONS OF LAW

UST is authorized to bring this action pursuant to 28 U.S.C.A. § 586. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.A. §§ 1334(a) and (b), and 157 (a) and (b). This adversary proceeding is a core proceeding. 28 U.S.C.A. § 157(b)(2)(J). Venue of this adversary proceeding is proper in this Court in the District of South Carolina pursuant to 28 U.S.C.A. § 1409(a).

The standard of proof in a discharge action is proof by a preponderance of the evidence. Farouki v. Emirates Bank International, Limited, 14 F.3d 244, 249 (4th Cir. 1994); Anderson v. Walker (In re Walker), C/A No. 99-09899-W, Adv. No. 00-80086-W, slip op. at 5 (Bankr. D.S.C. Jan. 5, 2001). The Bankruptcy Code favors the discharge of a debtor's debts, and the bankruptcy laws should generally be construed liberally in favor of granting the discharge. Siegel v. Weldon (In re Weldon), 184 B.R.710, 713 (D.S.C. 1995). In determining whether

Debtors' discharge should be denied, the Court does not have to consider all of the grounds alleged in the complaint for denial of Debtors' discharge, once any one of the grounds is established by the preponderance of the evidence; proof of conduct satisfying any one of the statutory subsections is enough to justify denial of Debtors' discharge. Farouki, 14 F.3d at 249-250.

A.    **UST's Motion is Granted Pursuant to § 727(a)(2)(A).**

UST alleged that Debtors' discharge should be denied because Debtors concealed a stock sale transaction and income generated from and other information related to businesses owned and/or operated by Debtors, by not reporting this information on their Schedules and Statement of Financial Affairs. A debtor's discharge can be denied if:

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed ... (A) property of the debtor, within one year before the date of the filing of the petition;... .

11 U.S.C. § 727(a)(2)(A)

Thus the elements for an action under § 727(a)(2)(A) are: (1) the act in scrutiny occurred during the one year time period prior to bankruptcy; (2) the act in question was done with the actual intent to hinder, delay, or defraud a creditor or the trustee; (3) the debtor or his duly authorized agent was the actor; and (4) the act in question consisted of either transferring, removing, destroying, mutilating, or concealing a debtor's property. Anderson v. Hooper (In re Hooper), C/A No. 01-03981-W; Adv. No. 01-80186-W, slip op. at 5 (Bankr. D. S.C. Nov. 19, 2001).

Debtors admit that they failed to report the sale of stock, which occurred 75 days before the petition date, and failed to disclose their gross income from the operation of their businesses. Both of these acts occurred within the one year prior to Debtors' bankruptcy and these acts were done by the Debtors.

Debtors' intent can be proved by direct or circumstantial evidence drawn from Debtors' course of conduct. Id. at 9. In this case, Debtors proffered that they forgot that the stock

5

transaction occurred at the time that the Schedules were compiled. Also omitted was information requested on their Statement of Financial Affairs #1, specifying the gross income of Debtors' millwright business. Debtors' millwright business generated in excess of $340,000.00 in income for 2003 and in excess of $450,000.00 in income for 2004. Debtors also omitted their gross income from their farm operations. They state that they provide UST with their adjusted gross income in their Statement of Financial Affairs and provided UST with their tax returns, which disclosed their gross income. In proffering their excuse for this omission, Debtors acknowledge the existence of the sale of assets, which generated income, and the operation of a business, which generated income, and acknowledge their failure to disclose that information on their schedules and statements. Debtors' disclosure of their adjusted income from these operations appears to be misleading, as it is substantially less than the gross income from these businesses, and the Statement of Financial Affairs requires the disclosure of gross income. Debtors did not amend their schedules to accurately disclose any of this information. By omitting these disclosures from Debtors' Schedules and Statement of Financial Affairs, Debtors concealed their property.

Based upon the totality of the circumstances, the Court infers that Debtors intended to defraud their creditors and the trustee by transferring property and by failing to make the disclosures required in their Schedules and Statement of Financial Affairs. "Bankruptcy is not a game of hide and seek that the debtor plays with the trustee and the Court. Full disclosure is the *quid pro quo* for a debtor's discharge." In re Walker, C/A No. 99-09899-W, Adv. No. 00-80086-W, slip op. at 12. It is not up to the trustee and other parties in interest to ferret out the truth about Debtors' assets and financial affairs. The critical time for disclosure is at the time of the filing of a petition and Debtors have the responsibility to do so. Bankruptcy law requires Debtors to be honest and to take seriously the obligation to disclose all matters. The bankruptcy Schedules and Statements of Affairs are carefully designed to elicit certain information necessary to the proper administration and adjudication of the case. To allow Debtors to use their discretion in determining the relevant information to disclose would create and end-run around this strictly crafted system. Weldon, 184 B.R. at 715.

This Court concludes that with regard to this cause of action, there is no genuine issue as to any material fact, all the elements of this action under §727 have been met and proven by a preponderance of the evidence, and the UST is entitled to a judgment denying Debtors' discharge pursuant to §727(a)(2)(A), as a matter of law.

**B.   UST's Motion is Granted Pursuant to 11 U.S.C.A. § 727(a)(4).**

To deny Debtor's discharge under § 727(a)(4), the Court must find, by a preponderance of the evidence, that Debtors made a statement under oath that they knew to be false and that Debtors made the statement willfully with the intent to defraud. In re Hooper, C/A No. 01-03981-W; Adv. No. 01-80186-W, slip op. at 11. In addition, the false oath must relate to a material matter. Id.

Debtors did not report complete information in their Schedules and Statement of Financial Affairs filed with this Court on February 22, 2005, including but not limited to the following: (1) the true market value of real property and a barn located at 4220 McCray's Mill Road, in Sumter, SC; (2) the transfer of stock/investments on December 9, 2004, which produced $9,500.00 in income; (3) several businesses owned by Debtors, both currently and formerly operated, including, but not limited to Geddings Conveyor Installation, Geddings Services, LLC, and Empty Pocket Stables; (4) the operation of Debtors' farm for profit under the name of Empty Pocket Stables, and the income therefrom; (5) the gross income from the operation of Mr. Geddings' millwright business for 2003, 2004 and year-to-date 2005; and (6) other significant expenses associated with Debtors' businesses. Debtors' signed their Schedules and Statement of Financial Affairs under oath. Thus these documents demonstrate that Debtors provided false information under oath as these documents are incomplete and inaccurate. In re Hooper, C/A No. 01-03981-W; Adv. No. 01-80186-W, slip op. at 11; Huntington Center Partners, Ltd. v. Dupree (In the Matter of Dupree), 197 B.R. 928, 937 (Bankr. N.D.Ala. 1996) (holding a false

7

oath sufficient to merit a denial of discharge includes a misrepresentation or an omission in the debtor's bankruptcy schedules or Statement of Financial Affairs).

The fraudulent intent element is satisfied if a debtor has exhibited a reckless indifference to the truth, and courts have found this reckless indifference where the number of errors in the debtor's oaths produces a cumulative effect that indicates a pattern of cavalier disregard for the truth. In re Hooper, C/A No. 01-03981-W; Adv. No. 01-80186-W, slip op. at 12-13; McDow v. Rothschild (In re Rothschild), C/A No. 03-11346-W, Adv. P. No. 03-80563, slip op. at 12 (Bankr. D.S.C. July 1, 2004). In this case, because of the many inaccuracies in Debtors' Schedules and Statement of Financial Affairs, the Court finds that Debtors displayed a reckless disregard for the truth and thus infers that Debtors intended to defraud their creditors and the trustee.

The final element for the Court to consider is whether the false oaths relate to material matters. A material matter is one that bears a relationship to the existence and disposition of a debtor's property. In re Rothschild, C/A No. 03-11346-W, Adv. P. No. 03-80563, slip op. at 12. The existence of property, the creation of income from the sale of assets of Debtors prior to filing, the identification of businesses Debtors operated, the dates those businesses operated, and profit and loss information relating to those businesses, all relate to the existence or disposition of Debtors' property and are thus each material matters. Therefore, the Court rules that Debtors' false statements relate to material matters.

This Court concludes that with regard to this cause of action, there is no genuine issue as to any material fact, all the elements of this action under §727 have been met and proven by a preponderance of the evidence, and the UST is entitled to a judgment denying Debtors' discharge pursuant to §727(a)(4), as a matter of law.

**C.**   **The Court Does Not Rule on UST's Remaining Causes of Action.**

Since this Court has determined that Debtors' discharge should be denied under either § 727(a)(2)(A) or § 727(a)(4), it need not determine at this point whether Debtors' discharge should be denied under UST's remaining causes of action.

## CONCLUSION

For the reasons set forth above, it is therefore ordered that Larry Leon Geddings, Jr., and Cynthia Wicker Geddings, d/b/a Geddings Services are denied a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4).

**AND IT IS SO ORDERED.**

_____<br>
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
January 27, 2006